**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**JOHNNY VAN FERRELL, JR.,**

**Petitioner,**

**v.**

**JUSTIN FARRIS, Director, Oklahoma Department of Corrections,[1]**

**Respondent.**

**Case No. 23-CV-0441-JFH-JFJ**

# OPINION AND ORDER

This matter is before the Court on Petitioner Johnny Van Ferrell, Jr.'s ("Mr. Ferrell") pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition").[2] Dkt. No. 1. Mr. Ferrell brings this action to challenge the lawfulness of his custody under five criminal judgments entered against him in the District Court of Rogers County and identifies three claims. Respondent opposes the Petition. Dkt. No. 12. Having considered the Petition [Dkt. No. 1], Response [Dkt. No. 12], Reply [Dkt. No. 13],[3] the record of state court

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Justin Farris, Director, Oklahoma Department of Corrections, in place of the former director, Steven Harpe, as party respondent. The Clerk of Court shall note on the record this substitution.

[2] Mr. Ferrell was in state custody and incarcerated at Bridgeway Halfway House when he filed the Petition in 2023. Dkt. No. 1 at 1; Dkt. No. 12 at 21. His most recent filings suggest he now has discharged his sentences and has been released from state custody. Dkt. Nos. 22, 23. The Court considers in the discussion section whether the expiration of his sentences and release from custody moots any claims.

[3] Because Mr. Ferrell appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, act as his advocate by making arguments on his behalf or scouring the record for facts that may support his arguments. *Id.*

proceedings, and applicable law, the Court finds and concludes that Petition shall be DISMISSED in part and DENIED in part.

## I. Background

Mr. Ferrell challenges the judgments entered against him in Rogers County District Court Case Nos. CF-2009-465, CF-2009-483, CF-2010-31 (collectively, "the 2010 Judgments"), CF-2019-524, and CF-2020-81 (collectively, "the 2021 Judgments"). Dkt. No. 1 at 1.[4]

Regarding the 2010 Judgments, Mr. Ferrell pleaded guilty in June 2010 to crimes he committed in July and November 2009: (1) Two or More Bogus Checks Together Over the Felony Limit $1,000, in violation of Okla. Stat. tit. 21, § 1541.3, after former conviction of six felonies (Case No. CF-2009-465); (2) Uttering Forged Instrument, in violation of Okla. Stat. tit. 21, § 1592, after former conviction of six felonies (Case No. CF-2009-483); and (3) three counts of Forgery in the Second Degree, in violation of Okla. Stat. tit. 21, § 1577 (Case No. CF-2010-31). Dkt. Nos. 12-1, 12-2, 12-3. For each conviction, the trial court imposed the same sentence: twenty-five years in prison with "all Suspended except eight (8) months in the Rogers County Jail." *Id.* On October 29, 2021, the trial court held a hearing on the State of Oklahoma's motion to revoke the suspended sentences, found that Mr. Ferrell violated the terms and conditions of his probation, revoked each suspended sentence, credited Mr. Ferrell for time served since March 11, 2021, and ordered him to serve twenty-four years and four months in prison as to each conviction, with all sentences to be served concurrently, each with the other. *Id.*

Regarding the 2021 Judgments, Mr. Ferrell pleaded nolo contendere on November 4, 2021 to crimes he committed in June, August, and December 2019: (1) Pattern of Criminal Offenses, in violation of Okla. Stat. tit. 21, § 425, after former conviction of two or more felonies (Case No.

[4] The Court's citations refer to the CM/ECF header pagination.

CF-2019-524, Count One); (2) False Pretenses/Bogus Check/Con Game, in violation of Okla. Stat. tit. 21, § 1541.2, after former conviction of two or more felonies (Case No. CF-2019-524, Count Two);[5] (3) Grand Larceny, in violation of Okla. Stat. tit. 21, § 1705 (Case No. CF-2020-81, Count One);[6] and (4) Obtaining Cash or Merchandise by Bogus Check/False Pretenses, in violation of Okla. Stat. tit. 21, § 1541.1 (Case No. CF-2020-81, Count Two). Dkt. Nos. 12-4, 12-5, 12-26; Dkt. No. 13 at 24. In Case No. CF-2019-524, the trial court imposed sentences of three years (Count One) and one year (Count Two) and ordered them to be served concurrently with each other and with the sentences in Case No. CF-2020-81 but consecutively to the sentences from the 2010 Judgments. Dkt. No. 13 at 24. In Case No. CF-2020-81, the trial court imposed sentences of three years (Count One) and one year (Count Two) and ordered them to be served concurrently with each other and with the sentences in CF-2019-524 but consecutively to the sentences from the 2010 Judgments. *Id.*

[5] The state court records regarding Case No. CF-2019-524 refer to Count Two as a felony offense under Okla. Stat. tit. 21, § 1541.2, which, in 2019, required "the value of the money, property or valuable thing" to be more than $1,000, but those same records also describe Count Two as a misdemeanor offense, allege the value involved was under $1,000, and show that the one-year sentence ultimately imposed was consistent with Mr. Ferrell having been convicted of and sentenced for a misdemeanor offense under Okla. Stat. tit. 21, § 1541.1. *See* Dkt. Nos. 12-4 (original Judgment and Sentence); Dkt. No. 12-25 (3d Amended Information); Dkt. No. 12-26 (No Contest Plea); Dkt. No. 13 at 24 (1st Amended Judgment and Sentence); *see also* Okla. Stat. tit. 21, § 1541.1, 1541.2 (2019). For purposes of evaluating Mr. Ferrell's double jeopardy claim arising from his convictions in Case No. CF-2019-524, the Court will consider the conviction as one under Okla. Stat. 21, § 1541.1, consistent with the factual allegations in the operative charging document.

[6] Mr. Ferrell contends that in Case No. CF-2020-81 he was charged and convicted of violating Okla. Stat. tit. 21, § 1731 (Larceny of Merchandise from Retailer or Wholesaler) but incarcerated for violating § 1705 (Grand Larceny). Dkt. No. 1-1 at 12-13. The relevant plea agreement refers to § 1731. Dkt. No. 12-26; Dkt. No. 13 at 12. But the First Amended Information, which was filed before Mr. Ferrell entered his plea, and the Judgment and Sentence show that Mr. Ferrell was charged with, convicted of, and sentenced for a violation of § 1705. Dkt. Nos. 12-5, 12-27.

Mr. Ferrell did not perfect a timely revocation appeal following the October 2021 revocation hearing or a timely certiorari appeal following the November 2021 plea and sentencing hearing. Dkt. No. 12 at 2-4. In March 2022, he filed an application for postconviction relief asking the state district court to recommend that he be permitted to file a revocation appeal and a certiorari appeal out of time. Dkt. No. 12-8. The state district court denied the application, and the Oklahoma Court of Criminal Appeals affirmed the denial in March 2023. Dkt. Nos. 12-14, 12-17. Meanwhile, in February 2023, the Governor of Oklahoma commuted each of Mr. Ferrell's revocation sentences to ten years' imprisonment. Dkt. No. 12-21. In October 2023, the Oklahoma Department of Corrections projected that Mr. Ferrell would discharge all sentences from the 2010 and 2021 Judgments on February 8, 2026. Dkt. No. 12-24 at 10.

Mr. Ferrell filed the Petition in October 2023. Dkt. No. 1 at 1. On February 3, 2026, he submitted a letter and filed a notice of change of address. Dkt. Nos. 22, 23. In the letter, dated January 16, 2026, Mr. Ferrell alleged he was "five (5) days of being fully discharged of the state cases which were in violation of his constitutional rights." Dkt. No. 22 at 1. The notice of change of address, mailed in an envelope postmarked January 23, 2026, stated he was "no longer in state's custody of the illegal sentence imposed" and updated his address to a residential address. Dkt. No. 23.

## II. Discussion

A federal court may grant federal habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) (authorizing court to grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States"). But "[t]o ensure that federal habeas corpus retains its narrow

role, [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] imposes several limits on habeas relief, and [the Supreme Court] ha[s] prescribed several more." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it].'" *Id.* (alteration in original) (quoting *Brown v. Davenport*, 596 U.S. 118, 134 (2022)). Here, the Court finds and concludes that law and justice do not require habeas relief.

**A. Claim One is moot.**

In Claim One, Mr. Ferrell contends the state district court violated his Fourteenth Amendment right to due process by revoking the suspended sentences imposed against him under the 2010 Judgments and ordering him to serve those sentences "in full" despite an intervening change in state law that reclassified the felonies for which he was convicted to misdemeanors and "limited the revocation to one (1) year in county." Dkt. No. 1 at 5; Dkt. No. 1-1 at 1-8.

Respondent contends this claim seeks relief under § 2241, because it does not challenge the validity of the underlying convictions and sentences, and urges the Court to deny this claim because: (1) Mr. Ferrell procedurally defaulted it when he did not perfect a timely revocation appeal and he cannot overcome the procedural default; (2) Mr. Ferrell alleges an error of state law that is not cognizable on federal habeas review; and/or (3) the allegedly unlawful suspended sentences were commuted in 2023 and Mr. Ferrell's "challenges to the length of his revocation sentences" were "nearly moot" when he filed the Petition. Dkt. No. 12 at 6-7, 13-22.

The Court agrees with Respondent that the Petition should be construed, in part, as seeking relief under § 2241 because claim one challenges the revocation of Mr. Ferrell's suspended sentences, not the validity of the underlying 2010 Judgments. *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017). And Respondent may be correct that claim one alleges a state law

error that is not subject to federal habeas review, that Mr. Ferrell procedurally defaulted this claim in state court, and that he cannot overcome the procedural default. *See Grant v. Royal*, 886 F.3d 874, 890-92 (10th Cir. 2018) (discussing exhaustion, procedural default, and overcoming procedural default); *Leatherwood*, 861 F.3d at 1043 ("Federal habeas relief is not available to correct state law error."). But the Court does not address issues of cognizability and procedural default because this Court lacks jurisdiction to adjudicate Claim One. *See Oyler v. Allenbrand*, 23 F.3d 292, 293-94 (10th Cir. 1994) (noting a court's obligation to "inquire into its own jurisdiction").

Whether a state prisoner seeks federal habeas relief under § 2241 or § 2254, he must be "in custody" when he files the petition to invoke federal habeas jurisdiction. 28 U.S.C. §§ 2241(c)(3), 2254(a); *see Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002) (reiterating that the statutory "in-custody" requirement is jurisdictional). But "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *see also Oyler*, 23 F.3d at 294 (describing "in custody" jurisdiction as "a separate and distinct jurisdictional question" from mootness). "Generally, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Oyler*, 23 F.3d at 294 (quoting *Nakell v. Att'y Gen.*, 15 F.3d 319, 322 (4th Cir. 1994)). Mootness deprives a court of jurisdiction. *Id.* Courts "take a claim-by-claim approach to mootness and 'must decide whether a case is moot as to "each form of relief sought."'" *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (quoting *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019)). "An exception

to the mootness doctrine occurs, however, in instances where collateral consequences from a judicial decision give a party a sufficient stake in the outcome of the case." *Oyler*, 23 F.3d at 294.

Mr. Ferrell satisfied the in-custody requirement when he filed the Petition because he was in state custody in February 2023. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Oyler*, 23 F.3d at 293-94. But Mr. Ferrell now has been released, and the expiration of his revocation sentences moots his challenge to the lawfulness of those sentences and deprives this Court of jurisdiction to adjudicate claim one unless he can show a continuing injury traceable to the challenged portions of his revocation sentences. The *Spencer* Court explained,

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7; *see also Carafas v. LaVallee*, 391 U.S. 234, 237-38 & n.8 (1968) (providing nonexclusive examples of civil disabilities that flow from a felony conviction and can serve as "collateral consequences" that prevent a habeas claim from being moot upon expiration of the petitioner's sentence). The *Spencer* Court discussed its longstanding "willing[ness] to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)," but declined to extend that presumption when a habeas petitioner's sentence had expired and he challenged only the lawfulness of his parole revocation. 523 U.S. at 3, 8-14. More recently, the Supreme Court reaffirmed that "[w]hen the defendant challenges his underlying *conviction*, [the Supreme] Court's cases have long presumed the existence of collateral consequences." *Juvenile Male*, 564 U.S. at 936 (emphasis in original). "But when a defendant challenges only an expired *sentence*, no such presumption applies, and the defendant must bear the burden of identifying some ongoing

"collateral consequenc[e]" that is "traceable" to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" *Id.* (emphasis in original) (quoting *Spencer*, 523 U.S. at 7, 14).

Mr. Ferrell has not met that burden here. He asserts that the trial court violated his federal constitutional right to due process when it revoked his suspended sentences and ordered him to serve a longer sentence than was authorized by state law at the time of the revocation hearing. Dkt. No. 1 at 5; Dkt. No. 1-1 at 1-8. The specific, concrete injury Mr. Ferrell claims he suffered from this alleged state law/federal due process violation is that he spent more time in prison than state law allowed. This is not a minor injury, but it also is not a continuing injury. As in *Spencer*, "[t]he reincarceration that [Mr. Ferrell] incurred as a result of that action is now over, and cannot be undone." 523 U.S. at 8; *see North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."). Put simply, now that Mr. Ferrell has fully discharged his revocation sentences, this Court can provide no effective remedy even if Mr. Ferrell could show that those sentences were longer than authorized by state law. *See Spencer*, 523 U.S. at 14-18 (finding no collateral consequences stemming from revocation of defendant's parole after his sentences expired and noting that courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong").

Based on the foregoing, the Court construes the Petition, in part, as seeking relief under 28 U.S.C. § 2241 and DISMISSES the Petition as to Claim One for lack of jurisdiction.

**B. Claims Two and Three lack merit.**

In Claims Two and Three, Mr. Ferrell contends the 2021 Judgments were obtained in violation of his Fifth Amendment right to be free from double jeopardy. Dkt. No. 1 at 7-9. Mr. Ferrell's specific arguments are elusive. But he appears to contend that as to each of these judgments he was punished twice for the same offense. *Id.*; Dkt. No. 1-1 at 9-12.[7]

Respondent urges the Court to deny these claims either because Mr. Ferrell procedurally defaulted them by failing to perfect a timely certiorari appeal and cannot overcome the procedural default or because both claims lack merit. Dkt. No. 12 at 22-35.

Respondent may be correct that Mr. Ferrell procedurally defaulted the double jeopardy claims and cannot overcome the procedural default. But the Court bypasses this procedural issue because it is easier to dispose of the double jeopardy claims on the merits. *See Smith v. Duckworth*, 824 F.3d 1233, 1242 (10th Cir. 2016) (noting that "where 'the claim may be disposed of in a straightforward fashion on substantive grounds,' [a] court retains discretion to bypass the procedural bar and reject the claim on the merits" (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002))). For two reasons, Mr. Ferrell has not shown that habeas relief is warranted as to the double jeopardy claims.

---

[7] Because the double jeopardy claims challenge the validity of the convictions underlying the 2021 Judgments, the Court presumes the existence of collateral consequences and finds Claims Two and Three are not moot. *See Juvenile Male*, 564 U.S. at 936 ("When the defendant challenges his underlying *conviction*, [the Supreme] Court's cases have long presumed the existence of collateral consequences."). The Court nonetheless questions whether that presumption is rebutted here given the number of prior felony convictions Mr. Ferrell accrued before entry of the 2021 Judgments. *See* Dkt. No. 12-27 at 2-4 (seeking enhanced sentence based on Mr. Ferrell's multiple prior felony convictions between 1992 and 2014). Given his criminal history, any collateral consequences flowing from the two felony convictions underlying the 2021 Judgments seem negligible at best. The Court nevertheless applies the presumption and proceeds to the merits.

**1. Mr. Ferrell waived his double jeopardy claims.**

First, in each case underlying the 2021 Judgments Mr. Ferrell waived his double jeopardy claims by pleading guilty[8] "to two counts with facial allegations of distinct offenses." *See United States v. Broce*, 488 U.S. 563, 570 (1989) ("Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes."). "[A]n important federal principle" drawn from *Broce* is that "'a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes,' and is consequently barred from later challenging his multiple convictions on double jeopardy grounds. *Thomas v. Kerby*, 44 F.3d 884, 888 (10th Cir. 1995) (emphasis and citations omitted). In Case No. CF-2019-524, Mr. Ferrell was charged with committing:

> Count 1: PATTERN OF CRIMINAL OFFENSES – a FELONY, on or between the 12th day of June, 2019 and the 30th day of August, 2019, by willfully and feloniously engaging in a pattern of crimonal behavior in Rogers, and Wagoner counties by committing numerous offenses involving a common scheme, to wit: Obtaining Money by False Pretenses/Fraud.
>
> Count 2: FALSE PRETENSES/BOGUS CHECK/CON GAME – a MISDEMEANOR, on or between the 12th day of June, 2019 and the 30th day of August, 2019, by willfully, knowingly, wrongfully, unlawfully, and with intent to cheat and defraud victims of the total value of under $1,000.00, of lawful money of the United States of America, by fraud, to-wit: the said defendant then and there received a deposit and/or full payment for items listed "for sale" that were never delivered to victims, with the fraudulent intent then and there to cheat and defraud the said victims.

[8] In response to Respondent's procedural default argument, Mr. Ferrell suggests he did not plead guilty, rather, he pleaded nolo contendere. Dkt. No. 13 at 4. Under Oklahoma law, however, a plea of nolo contendere has the same legal effect as a plea of guilty except that a plea of nolo contendere "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." Okla. Stat. tit. 22, § 513; *Morgan v. State*, 744 P.2d 1280, 1281 (1987). For purposes of discussing Mr. Ferrell's double jeopardy claims, the Court thus refers to his nolo contendere pleas as guilty pleas.

Dkt. No. 12-25. In Case No. CF-2020-81, Mr. Ferrell was charged with committing:

> COUNT 1: GRAND LARCENY – a FELONY, on or about the 8th day of December, 2019, by taking and carrying away by stealth a carburetor and gas tank that belonged to Benny Leach, without the consent of Benny Leach, and with the intent to deprive Benny Leach of the carburetor and gas tank permanently.
>
> COUNT 2: OBTAINING CASH OR MERCHANDISE BY FALSE PRETENSES – a MISDEMEANOR, on or about the 8th day of December, 2019, by obtaining $200.00 from Benny Leach to fix a tractor, which the defendant did not fix, known by Johnny Van Ferrell Jr. to be false and done/made with the intent to cheat and defraud.

Dkt. No. 12-27. In each case, the charging document plainly contains two counts with facial allegations of distinct offenses. Represented by counsel and pursuant to a written plea agreement, Mr. Ferrell pleaded guilty, in each case, to committing two separate offenses. Dkt. No. 12-26. *Broce* therefore bars him from collaterally attacking the 2021 Judgments on double jeopardy grounds. *Thomas*, 44 F.3d at 888.

**2. Mr. Ferrell has not shown any double jeopardy violations.**

Second, even if his claims were not barred by *Broce*, Mr. Ferrell has not shown that either 2021 Judgment is marred by a double jeopardy violation. "The Double Jeopardy Clause provides that no person shall be 'subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Taylor*, 86 F.4th 853, 855 (10th Cir. 2023) (quoting U.S. Const. amend. V). "Among other things, this clause protects criminal defendants 'against multiple punishments for the same offense imposed in a single proceeding.'" *Id.* (quoting *Jones v. Thomas*, 491 U.S. 376, 381 (1989)). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "The *Blockburger* test involves a legal analysis focused on the

elements of the separate statutes." *United States v. Mier-Garces*, 967 F.3d 1003, 1012 (10th Cir. 2020).

**a. Case No. CF-2019-524 involves different offenses.**

Claim Two alleges a multiple punishment claim based on Mr. Ferrell's convictions of Pattern of Criminal Offenses, in violation of Okla. Stat. tit. 21, § 425, and False Pretenses/Bogus Check/Con Game, in violation of Okla. Stat. tit. 21, § 1541.1. Dkt. No. 13 at 24; *see supra* n.5. Mr. Ferrell appears to argue these convictions resulted in multiple punishments for the same offense because the offenses "occurred on same date, victim, and had same factor for charge (fraud or monetary loss)." Dkt. No. 1 at 7. But the *Blockburger* test focuses on the crime's elements, not the defendant's conduct. *Mier-Garces*, 967 F.3d at 1012. And the elements of the relevant statutes show that Mr. Ferrell was not punished twice for the same offense. Relevant here, the elements of a Pattern of Criminal Offenses are: (1) engaging in a pattern of criminal offenses; (2) in two or more counties. Okla. Stat. tit. 21, § 425(A) (2019).[9] The elements of misdemeanor False Pretenses

[9] Section 425(A) provides, in full:

> Any person who engages in a pattern of criminal offenses in two or more counties in this state or who attempts or conspires with others to engage in a pattern of criminal offenses shall, upon conviction, be punishable by imprisonment in the Department of Corrections for a term not exceeding two (2) years, or imprisonment in the county jail for a term not exceeding one (1) year, or by a fine in an amount not more than Twenty-five Thousand Dollars ($25,000.00), or by both such fine and imprisonment. Such punishment shall be in addition to any penalty imposed for any offense involved in the pattern of criminal offenses. Double jeopardy shall attach upon conviction.

Okla. Stat. tit. 21, § 425(A) (2019). For purposes of § 425(A), a "pattern of criminal offenses" means:

> 1. Two or more criminal offenses are committed that are part of the same plan, scheme, or adventure; or
>
> 2. A sequence of two or more of the same criminal offenses are committed and are not separated by an interval of more than thirty (30) days between the first and

are: (1) obtaining title; (2) to money/property/(a valuable thing); (3) of another; (4) valued at less than $1,000; (5) by means of a (trick or deception)/(false representation)/(confidence game)/(false check)/(false written/printed/engraved instrument)/(spurious coin); (6) known by the defendant to be false/spurious/(a trick or deception); (7) with intent to cheat and defraud. Okla. Unif. Jury Inst. (Criminal 2d) ("OUJI-CR") 5-41 (2019 Supp.); Okla. Stat. tit. 21, § 1541.1 (2019).[10] Because these statutory provisions each require proof of a fact which the other does not Mr. Ferrell was not twice punished for the same offense.

**b. Case No. CF-2020-81 involves different offenses.**

Claim Three alleges a multiple punishment claim based on Mr. Ferrell's convictions of Grand Larceny, in violation of Okla. Stat. tit. 21, § 1705, and Obtaining Cash or Merchandise by

---

> second offense, the second and third, and so on; or
>
> 3. Two or more criminal offenses are committed, each proceeding from or having as an antecedent element a single prior incident or pattern of fraud, robbery, burglary, theft, identity theft, receipt of stolen property, false personation, false pretenses, obtaining property by trick or deception, taking a credit or debit card without consent, or the making, transferring or receiving of a false or fraudulent identification card.

Okla. Stat. tit. 21, § 425(B) (2019).

[10] Section 1541.1 provides, in full:

> Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation any money, property or valuable thing, of a value less than One Thousand Dollars ($1,000.00), by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense, or by any other means or instruments or device commonly called the "confidence game", or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall, upon conviction, be guilty of a misdemeanor punishable by a fine not to exceed One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for not more than one (1) year, or by both such fine and imprisonment.

Okla. Stat. tit. 21, § 1541.1 (2019).

Bogus Check/False Pretenses, in violation of Okla. Stat. tit. 21, § 1541.1. Dkt. No. 12-5. Mr. Ferrell appears to argue these convictions resulted in multiple punishments for the same offense because both "occurred on December 8, 2019" and involve the "same transaction, victim, [and] element." Dkt. No. 1 at 9; Dkt. No. 1-1 at 12. As before, Mr. Ferrell's focus on the facts misunderstands the *Blockburger* test. Applying that test, this case too involves convictions under two statutory provisions that each require proof of a fact which the other does not. As just discussed, the elements of misdemeanor False Pretenses are: (1) obtaining title; (2) to money/property/(a valuable thing); (3) of another; (4) valued at less than $1,000; (5) by means of a (trick or deception)/(false representation)/(confidence game)/(false check)/(false written/printed/engraved instrument)/(spurious coin); (6) known by the defendant to be false/spurious/(a trick or deception); (7) with intent to cheat and defraud. OUJI-CR 5-41 (2019 Supp.). In contrast, the elements of Grand Larceny are: the (1) taking; and (2) carrying away; (3) of (personal property)/(one or more firearms); (4) of another; (5) valued at $1,000 or more; (6) by fraud/stealth; (7) with the intent to deprive permanently. OUJI-CR 5-93 (2019 Supp.); Okla. Stat. tit. 21, §§ 1701, 1704, 1705 (2019).[11] Because these statutory provisions each require proof of a fact which the other does not Mr. Ferrell was not twice punished for the same offense.

**3. Conclusion as to Claims Two and Three**

For the reasons stated, Mr. Ferrell has not shown that habeas relief is warranted on the double jeopardy claims. The Court therefore DENIES the Petition as to Claims Two and Three.

---

[11] Larceny is defined as "the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof." Okla. Stat. tit. 21, § 1701 (2019). Grand larceny is committed either when the value of the property taken exceeds $1,000 or when the property is taken from the person of another. Okla. Stat. tit. 21, § 1704 (2019). Section 1705 provides for penalties that increase with the value of the property taken. Okla. Stat. tit. 21, § 1705 (2019).

## III. Conclusion

The Petition shall be DIMISSED in part as to Claim One because that claim challenges the revocation of sentences imposed under the 2010 Judgments and Mr. Ferrell has fully discharged those sentences, rendering Claim One moot and depriving this Court of jurisdiction to adjudicate that claim. Further, the Petition shall be DENIED in part as to claims two and three because Mr. Ferrell has not shown that the 2021 Judgments were obtained in violation of his constitutional right to be free from double jeopardy. Finally, a certificate of appealability shall be DENIED because the Court's disposition of the Petition is not reasonably debatable. 28 U.S.C. § 2253(c); *Slack .v McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Clerk of Court shall note on the record the substitution of Justin Farris, Director, Oklahoma Department of Corrections, in place of Steven Harpe as party respondent.

IT IS FURTHER ORDERED that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Dkt No. 1] is: (1) construed in part as seeking relief under 28 U.S.C. § 2241 and is DISMISSED in part as to Claim One for lack of jurisdiction; and (2) is DENIED in part as to Claims Two and Three.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and a separate judgment shall be entered in this case.

Dated this 23rd day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE